IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOBILE ATTIC, INC., *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 1:09cv24-CSC |
| ) | (WO) |
| PETER L. CASH, *et al*., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On January 9, 2009, plaintiffs Mobile Attic, Inc., MA Manufacturing Company, Inc., and Bagley Family Revocable Trust ("Bagley") filed a complaint against defendants Peter L. Cash ("Cash"), Cash Brothers Leasing, Inc. ("Cash Brothers"), Bridgeville Trailers, Inc. ("Bridgeville Trailers"), and Barfield, Murphy, Shank & Smith, P.C. ("Barfield Murphy"). (Doc. No. 1.) In their complaint, the plaintiffs assert: (1) Cash Brothers breached its contract with Mobile Attic by failing to deliver mobile storage containers in the quantities as promised; (2) Cash breached the Mobile Attic stock purchase agreement with Bagley; (3) Barfield Murphy negligently prepared financial statements, thereby placing an excessive value on Mobile Attic's inventory, furniture, and equipment, with knowledge that Mobile Attic intended to furnish the statements to Bagley during the course of negotiations to purchase a majority interest in the company; (4) Cash misrepresented the number and value of mobile storage units owned by Mobile Attic, as well as the amount of raw materials purchased by Mobile Attic for the manufacture of mobile storage containers; (5) Cash engaged in securities fraud in violation of 15 U.S.C. § 78j(b) and Rule 10b-5 by making false

statements of material fact to Bagley in connection with its purchase of stock in Mobile Attic through the means and instrumentalities of interstate commerce; (6) Bridgeville breached its agreement with MA Manufacturing; (7) Cash misrepresented to Bagley and MA Manufacturing the value of Bridgeville assets being purchased by MA Manufacturing; (8) Cash and Bridgeville made false statements of material fact to Bagley in connection with the conveyance of stock in MA Manufacturing in violation of 15 U.S.C. § 78j(b) and Rule 10b-5; (9) Cash breached the guaranty agreement with Bagley; (10) MA Manufacturing is entitled to indemnity from Cash for unauthorized loans; (11) Mobile Attic is entitled to indemnity from Cash and Cash Brothers due to their presentation of a fake invoice to Trinity Bank, (12) the plaintiffs request a declaration that they have a first priority lien on Cash's shares in the companies, as well as a judicial foreclosure of those liens. (*Id.*)

On February 3, 2009, Cash, Cash Brothers Leasing, and Bridgeville Trailers filed a motion to dismiss. (Doc. No. 11) On February 9, 2009, Barfield Murphy also filed a motion to dismiss. (Doc. No. 17)  This court subsequently ordered the plaintiffs to show cause why the claims against the defendants should not be dismissed.  On March 3, 2009, the plaintiffs filed a response to this court's orders.  The court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court are the defendants' motions to dismiss. (Doc. Nos. 11 & 17.)  The court has reviewed the defendants' motions and the plaintiffs' response and

2

concludes that the motions to dismiss are due to be denied.

In considering a defendant's motion to dismiss, the court accepts the plaintiffs' allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Generally, to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007),"only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.' " *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir.2008) (quoting *Twombly,* 550 U.S. at ---, 127 S.Ct. at 1965 (2007)). "[A] plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Bell Atl. Corp.*, 550 U.S. at ___, 127 S.Ct. at 1964-65.

When moving to dismiss the plaintiffs' complaint, Cash, Cash Brothers, and Bridgeville Trailers list several conclusory grounds as support for their argument to dismiss this case. For example, the defendants "move to dismiss this action for lack of jurisdiction over the subject matter." (Doc. No. 11, p. 1.)  This court, however, has original jurisdiction over the plaintiff's federal securities fraud claims because they arise under the laws of the

3

United States.  *See* 28 U.S.C. § 1331.  Moreover, this court may exercise supplemental jurisdiction over the plaintiffs' state law claims because they form part of the same case or controversy as the claims over which the court has original jurisdiction.  *See* 28 U.S.C. § 1367(a).

The defendants also assert that the Securities Fraud claim (Count Five) does not contain allegations sufficient to state a claim under 15 U.S.C. § 78j.  (Doc. No. 11, p. 2.)  Under the Private Securities Litigation Reform Act, a plaintiff must, "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C.A. § 78u-4(b)(2).  In their recitation of the facts, the plaintiffs allege that Cash misrepresented the amount of raw materials purchased by Mobile Attic for the manufacture of mobile storage containers and that he invoiced Mobile Attic for the purchase of mobile storage containers which Cash Brothers neither built nor delivered, that Cash knew that the misrepresented facts were false, and that the misrepresentations were material.  (Doc. No. 1, p. 6.)  In addition, the plaintiffs allege that, in reliance on Cash's representations, Bagley purchased a majority of the stock in Mobile Attic and loaned the business $9.5 million.  (*Id.*) Moreover, in Count Five, the plaintiffs assert that Cash made false statements of material fact with scienter to Bagley in connection with its purchase of Mobile Attic stock, that Bagley justifiably relied on Cash's statements, and that the family trust suffered damages as a proximate result. (Doc. No. 1, p. 16.)  This court has reviewed the plaintiffs' complaint in its entirety and concludes that the plaintiffs have stated with particularity facts giving rise to a strong inference that

Cash acted with requisite scienter. Thus, the plaintiff's allegations against Cash sufficiently meet the specificity and state-of-mind requirements of § 78u-4(b)(2).

With respect to their remaining arguments, defendants Cash, Cash Brothers, and Bridgeville Trailers fail to point to any law or provide specific argument as support for their conclusory statements. Construing the complaint in the plaintiffs' favor, the court concludes that the plaintiffs have satisfied federal pleading requirements by narrating facts which outline the bases of their claims. *Cf. Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir. 1991) (plaintiffs cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims"). Consequently, the motion to dismiss filed by Cash, Cash Brothers, and Bridgeville Trailers is due to be denied.

Barfield Murphy argues that this court should decline to exercise supplemental jurisdiction in this case. Title 28 U.S.C. § 1367 provides as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

5

In this case, the negligence claim against Barfield Murphy is not a novel or complex issue and does not predominate over the federal securities fraud claims in this case. Consequently, a dismissal pursuant to § 1367 is not appropriate at this juncture.

In the alternative, Barfield Murphy argues that there is no causal connection between any loss suffered by the plaintiffs as a result of the accounting firm's conduct. Specifically, Barfield Murphy argues that the negligence claim should be dismissed because its accountants performed no work for MA Manufacturing and, therefore, owed no duty to the plaintiffs. The plaintiffs, however, allege that Barfield Murphy prepared the auditing report and accompanying financial statements for the defendants with the understanding that Mobile Attic would supply the information to them and that Bagley would rely upon those documents when deciding whether to purchase Mobile Attic stock. Thus, there is a disputed issue of fact with respect to the negligence claim against Barfield Murphy. Consequently, Barfield Murphy's motion to dismiss the negligence claim on the basis that the firm owed no duty to the plaintiffs is due to be denied at this time.

Barfield Murphy also argues that the negligence claim is due to be dismissed because there is a lack of complete diversity. As previously discussed, federal question and diversity jurisdiction are independent grounds of federal jurisdiction. 28 U.S.C. §§ 1331 and 1332. Because this court has original jurisdiction over the federal securities fraud claims and supplemental jurisdiction over the state law claims, complete diversity is unnecessary. Thus, Barfield Murphy's argument that there is a lack of complete diversity does not establish a basis for dismissal of the negligence claim.

Accordingly, it is

ORDERED that the defendants' motions to dismiss (Doc. Nos. 11 & 17) be and are hereby DENIED.

Done this 23rd day of March, 2009.

　　　　　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE