IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| MOBILE ATTIC, INC., MA MANUFACTURING COMPANY, INC., and BAGLEY FAMILY REVOCABLE TRUST, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1:09cv24-MHT (WO) |
| PETER L. CASH, CASH BROTHERS LEASING, INC., and BRIDGEVILLE TRAILERS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |
| NATIONAL SECURITY GROUP, INC., | ) ) ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| PETER L. CASH, MOBILE ATTIC, INC., and BAGLEY FAMILY REVOCABLE TRUST, | ) ) ) ) | |
| Defendant-Intervenors. | ) | |

OPINION AND ORDER

After an independent and de novo review of the record, it is ORDERED as follows:

(1) The objection of plaintiff-intervenor National Security Group (Doc. No. 207) to the magistrate judge's order on the motion to strike is overruled.

(2) The magistrate judge's order regarding the plaintiffs' motion to strike (Doc. No. 205) is affirmed and adopted.

***

The court adds these comments. Plaintiff-intervenor National Security Group ("NSG") objects to the order of the United States Magistrate Judge granting the plaintiffs' motion to strike. During oral argument on pending motions for summary judgment, the magistrate judge questioned whether NSG's claims were derivative and invited additional briefing on that question alone. In its supplemental brief, NSG attempted to flip the derivative argument in its favor and asserted that Bagley

Family Trust's claims are derivative to Mobile Attic and appended additional evidentiary material in support of its position. (Doc. No. 188). The plaintiffs objected and filed a motion to strike. (Doc. No. 190). The magistrate judge determined that NSG's contention that Bagley Family Trust's claims are derivative was untimely and did not consider NSG's argument.

NSG objects to the magistrate judge's order. NSG submits that the following statement from its summary-judgment brief sufficiently raises and preserves a derivative argument: "'to the extent that Bagley Trust seeks damages for the value of certain assets owned by Mobile Attic, it has no legal standing to do so, having not brought a derivative claim in [Mobile Attic]'s name.'" NSG Objections (Doc. No. 207) at 29 (quoting NSG Summary-Judgment Motion (Doc. No. 166) at 17). NSG's reliance on this single statement is misplaced and taken out of context. NSG quotes from a section of its brief where it argues that Bagley Trust's rights stem from a

contract--the stock purchase agreement. Indeed, NSG assumes that Bagley Trust has standing to bring its claims: "In sum, Bagley Trust is the only plaintiff against NSG. Bagley Trust has only those rights against NSG which it acquired through the assignment from James Bagley, the purchaser. Bagley Trust's only rights against NSG are contractual under the terms of the [Stock Purchase Agreement], which has warranty provisions that survive the assignee." NSG Summary-Judgment Motion (Doc. No. 166) at 18.

The magistrate judge, therefore, concluded that NSG's summary-judgment brief did not argue that Bagley Trust's claims are derivative. Rather, the magistrate judge properly concluded that NSG raised a distinctly different argument: that Bagley Family Trust could not claim certain Mobile Attic assets as damages.

The court therefore holds that the conclusions of the magistrate judge are neither clearly erroneous nor

contrary to law.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

DONE, this the 12th day of June, 2012.

                        /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE