IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| MOBILE ATTIC, INC.,<br>MA MANUFACTURING COMPANY,<br>INC., and BAGLEY FAMILY<br>REVOCABLE TRUST,<br><br>     Plaintiffs,<br><br>     v.<br><br>PETER L. CASH, CASH<br>BROTHERS LEASING, INC.,<br>and BRIDGEVILLE<br>TRAILERS, INC.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:09cv24-MHT<br>(WO) |
| NATIONAL SECURITY GROUP,<br>INC.,<br><br>     Plaintiff-Intervenor,<br><br>     v.<br><br>PETER L. CASH, MOBILE<br>ATTIC, INC., and BAGLEY<br>FAMILY REVOCABLE TRUST,<br><br>     Defendant-Intervenors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

<u>OPINION AND ORDER</u>

After an independent and de novo review of the record, it is ORDERED as follows:

(1) Defendant-Intervenor Bagley Family Revocable Trust's and plaintiff-intervenor's National Security Group, Inc.'s objections (Doc. Nos. 207 & 208) are overruled.

(2) The United States Magistrate Judge's recommendation (Doc. No. 205) is adopted.

(3) Defendant-Intervenor Bagley Family Revocable Trust's motion for summary judgment (Doc. No. 164) is granted.

(4) Plaintiff-Intervenor National Security Group, Inc.'s motion for partial summary judgment (Doc. No. 166) is denied.

(5) Judgment is entered in favor of defendant-intervenor Bagley Family Revocable Trust and against plaintiff-intervenor National Security Group, Inc., with plaintiff-intervenor National Security Group, Inc. taking

nothing as to counts two, three, and four of its amended intervenor-complaint for breach of contract, breach of implied duty of good faith, and breach of fiduciary duty.

\*\*\*

The court adds these comments.  Plaintiff-Intervenor National Security Group ("NSG") sets forth three specific objections that the court will address.[1]

First, NSG objects to the magistrate judge's "finding that NSG's Motion for Partial Summary Judgment, which concerned the measure of damages that Bagley Trust could claim as a matter of law, was 'premature.'"  NSG Objections (Doc. No. 207) at 2-3.  NSG argues that, because it now concedes that it cannot disprove two

---

1.    Defendant-Intervenor Bagley Family Revocable Trust also objects to certain "factual findings" of the magistrate judge.  Bagley Objections (Doc. No. 208) at 1. Of course, at the summary-judgment stage, the court construes the facts in the light most favorable to the non-movant, and Bagley is free to make these arguments at trial.

warranty breaches, the court should now "construe the breadth of the indemnity provision." Id. at 7. The court disagrees. In attempting to limit the issue of damages at this juncture, NSG conflates the issue of damages with the question of indemnification. There remain genuine disputes of material fact regarding the scope of the Stock Purchase Agreement and indemnification provision regarding damages.

Next, NSG objects to the magistrate judge's finding that "NSG has not previously asserted that the Bagley Family Trust's claims were derivative." Id. at 3. The court addresses this objection by separate order.

Finally, NSG objects to the magistrate judge's "failure to address, in ruling on NSG's counterclaim, that under Alabama law, Bagley Trust as majority shareholder owed a fiduciary duty to the other shareholders including NSG."[2] Id.

---

2.   NSG also challenges the magistrate judge's specific finding that Bagley Trust had been issued "preferred stock." The court finds NSG's objection

(continued...)

4

In this objection, NSG argues that the magistrate judge failed to consider properly its claims that, as majority shareholder, Bagley Trust owed a fiduciary duty to NSG, as a minority shareholder.  In its objections, NSG argues for the first time that Bagley Trust's actions as majority shareholder violated the 1975 Ala. Code § 10A-2-8.31 and the Alabama Constitution § 234.  NSG did not rely on this law in opposition to Bagley Trust's motion for summary judgment, and its arguments are a rehashing of its unsuccessful arguments on summary judgment, albeit propped up by law not previously cited.

---

(...continued)

regarding the issuance of preferred stock to be without merit.  In its Statement of Disputed Facts in Support of Response to Motion for Summary Judgment (Doc. No. 174), NSG sets forth the facts regarding the issuance of preferred stock to Bagley Trust.  Id. at 22, ¶ 17. NSG disputed several statements regarding the $ 9.5 million dollars contributed by James Bagley but does not dispute that the Stock Purchase Agreement authorized, and at a special board meeting, the board voted to issue Bagley Trust preferred stock.  Id. at 23-24.  Once again, on summary judgment, the court construes the facts in the light most favorable to the non-movant, and at trial NSG may present evidence regarding whether preferred stock was issued or not.

More importantly, however, the court concludes that the magistrate judge considered NSG's claims regarding Bagley Trust's duties as majority shareholder.

NSG argues that the magistrate judge failed to consider properly Alabama law that recognizes the "unique duties owed to minority shareholders by a majority shareholder controlling a closely-held corporation." NSG Objections (Doc. no. 207) at 31. According to NSG, the magistrate judge's statement of the law is incorrect:

> "Although there may be some confusion based on the relative dearth of Alabama law on this subject, nevertheless, as a matter of law, a shareholder in NSG's position has a personal remedy for breach of fiduciary duty. <u>Michaud v. Morris</u>, 603 So.2d 886 (Ala. 1992); <u>see also Davis v. Dorsey</u>, 495 F. Supp. 2d 1162 (M.D. Ala. 2007). This portion of the Recommendation (which has already been published on some internet sites) needs to be corrected as far as its statement of applicable law."

<u>Id</u>.

The court disagrees. Relying on <u>Altrust Fin. Servs., Inc. v. Adams</u>, 76 So. 3d 228, 246 (Ala. 2011), which NSG

does not refer to in its objections, the magistrate judge
concluded that NSG's claims in this regard are derivative
and that NSG lacks standing to raise such claims as
personal claims.  Throughout this litigation, NSG has
alleged that the Bagley Family Trust took actions to
cause Mobile Attic to fail to reach certain performance
targets which would have then triggered the earn-out
provision causing an adjustment of the purchase price NSG
received for its shares.

While NSG is correct that the law in Alabama lacks
depth and clarity, the Alabama courts have held that, "If
the wrong directly damages the corporation and its assets
from waste, conversion and intentional mismanagement, the
claim is the corporation's." Id. at  241 (citing Hardy v.
Hardy, 507 So. 2d 409 (Ala. 1987), and Shelton v.
Thompson, 544 So. 2d 845 (Ala. 1989)).  NSG has accused
the  plaintiffs  of  wasting  Mobile  Attic's  assets,
mismanaging Mobile Attic, and engaging in self-dealing.
NSG complains about the business strategy pursued by

Bagley Family Trust to increase corporate growth of Mobile Attic and about the manner in which the Trust released NSG from its debt guarantee. NSG's allegations that Bagley Family Trust mismanaged Mobile Attic and engaged in self-dealing demonstrate that its claim in this regard is the "quintessential derivative injury, merely incidental to [its] status as stockholder." Id. at 244. Regardless of how NSG now seeks to recharacterize its claim, by asserting that the Bagley Family Trust breached its duty as majority shareholder to NSG as the minority shareholders by the manner in which it ran the company, NSG's claims are clearly "incidental to its status as a shareholder," and thus, derivative. Id. at 246. Thus, the court concludes that there is no clear error in the magistrate judge's determination that NSG's fiduciary-duty claims are derivative claims and that it lacked standing to bring a direct action on its behalf: "[T]he actual harm . . . was caused by the alleged mismanagement of wrongdoing of the [Trust's]

officers and directors.   This harm is not unique to
[NSG]; rather it is suffered equally by all remaining
eligible shareholders in [Mobile Attic].   Because the
harm suffered by [NSG] also affects the other remaining
eligible shareholders in [Mobile Attic], [NSG] do[es] not
have standing to assert a direct claim."   Id.

    DONE, this the 12th day of June, 2012.

                       ___/s/ Myron H. Thompson___
                       UNITED STATES DISTRICT JUDGE